(March 29, 1956)

■ FRANKEL INDUSTRIAL CORPORATION, Appellant, v. REYNOLDS METALS COMPANY, Respondent.

*Per Curiam.* On plaintiff's appeal from an order granting defendant summary judgment, it appears that there are issues of fact to be tried.

The primary question is whether the parties ever made an enforcible agreement for the sale and delivery of processed aluminum parts.

While the documents do show that as late as June, 1950, the parties had not agreed on certain changes, it is nevertheless asserted, with supporting basis in the affidavits, that a definite agreement had already been reached, prices fixed, and the orders approved, enforcible in the absence of modification by mutual consent.

The fact that there were later changes in specifications, and consequent changes in prices, from time to time, does not necessarily show that the parties did not have a firm and definite agreement. It appears from the documents and the affidavits that the parties, in any event, contemplated that changes would be made from time to time before the aluminum parts would be actually

processed. Those changes, if they be proposed modifications, as a matter of law would have to be by mutual consent before they would be binding. But, even in the absence of such consent, there may have been a prior enforcible agreement as claimed by plaintiff. That cannot be determined on the affidavits alone, nor are the documents determinative, as contended by defendant, in showing that there was no such prior agreement.

Of course, defendant may have a defense that plaintiff, by its changes and negotiations therefor, made performance in accordance with the time stipulations in the agreement impossible; but that question is not before us on this appeal.

Accordingly, the order granting summary judgment to defendant should be reversed and the motion denied, together with costs and disbursements of the appeal to plaintiff-appellant.

Peck, P. J., Breitel, Botein, Frank and Bergan, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, and the motion denied.